UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-00055-LLK

TERESA ANN BEASLEY                                                                                    PLAINTIFF

v.

CAROLYN COLVIN                                                                                         DEFENDANT
    Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. The Plaintiff is represented by Donna Thornton-Green. The fact and law summaries of the Plaintiff and the Defendant are at Docket Entry Nos. 12 and 13, respectively.

Administrative Law Judge (ALJ) Marci P. Eaton rendered the final decision of the Commissioner denying Plaintiff's disability claim, which is presently before the Court upon judicial review. Administrative Record (AR), pp. 19-29.

For the reasons below, the final decision of the Commissioner is AFFIRMED, and the Plaintiff's complaint is DISMISSED.

### Procedural History

In December, 2010, Jonathan R. Van Meter, M.D., examined Plaintiff at the request of the Commissioner. Dr. Van Meter found significant physical limitations, including a 20-minute restriction on sitting and standing, a 15-minute limitation on walking, no lifting/carrying 5 pounds or more, and hand numbness from possible carpal tunnel syndrome (AR, p. 251). These findings appear to have been based upon uncritical acceptance by Dr. Van Meter of what Plaintiff told him during the medical

1

interview portion of the examination. Plaintiff told Dr. Van Meter that she can sit, stand, and walk "comfortably" for these time limits and can lift and carry "light groceries only" (AR, p. 248).

Vocational expert (VE) William Harpool testified that an individual with the limitations identified by Dr. Van Meter would be unemployable (AR, p. 445).

In January 2011, based on Dr. Van Meter's findings and the record as a whole, state agency program physician Allen Dawson completed the Physical Residual Functional Capacity Assessment in a manner compatible with the requirements of light work as defined at 20 C.F.R. 404.1567(b) (AR, pp. 37-39).

In May 2011, program physician David Swan reaffirmed Dr. Dawson's assessment (AR, pp. 291 and 297).

In March 2012, Tom Wagner, Ph.D., testified as a psychological expert. He noted Plaintiff's mental health treatment at Four Rivers Behavioral Health, where her global assessment of functioning (GAF) scores were "routinely 58 ... in the moderate realm"(AR, p. 435). He identified Plaintiff's mental limitations "from what I have here in this record" (AR, p. 437) and memorialized those limitations by way of completion of the standard Ability to Do Work-Related Activities (Mental) form (AR, pp. 380-381). Upon cross-examination, he admitted that Plaintiff's restrictions would be "much higher" if Plaintiff's testimony were accepted as fully credible (AR, p. 438).

The VE testified that an individual with certain limitations, which were consistent with those given by Drs. Dawson, Swan, and Wagner, would be able to perform Plaintiff's past relevant work as an inspector-packer as well as a significant number of other light jobs in the national economy (AR, pp. 443-444).

The ALJ denied Plaintiff's disability claim based upon acceptance of the foregoing vocational testimony, giving "little" weight to Dr. Van Meter's findings and "great" weight to those of Drs. Dawson, Swan, and Wagner (AR, pp. 26 and 27).

**Discussion**

Plaintiff disability claim is premised on a combination of back pain, obesity, and depression. She presents three contentions: 1) The ALJ erred in accepting the findings of a non-examining sources, Drs. Dawson and Swan, which permitted some light work, in preference to those of the one-time examining source, Dr. Van Meter, which would have eliminated all work. 2) In weighing the medical evidence, the ALJ "placed herself in the position of a medical doctor" (DN 12, p. 2). 3) The ALJ erred in declining to accept as fully credible her testimony of disabling pain and other subjective symptoms.

**First Argument**

In terms of the hierarchy of medical source opinions (i.e., treating, examining, non-examining), a treating source opinion is entitled to "special" deference, and the ALJ's written decision must identify "good reasons" for the weight given thereto. See *Blakley v. Commissioner*, 581 F.3d 399 (6th Cir.2009).

In contrast, the preference for the opinion of a one-time examining source (e.g., Dr. Van Meter) over that of a non-examining source (Drs. Dawson and Swan) may be overcome where there is a legitimate basis for doing so. See *Barker v. Secretary*, 40 F.3d 789 (6th Cir.1994). That basis becomes progressively less legitimate the more medical evidence there is in the administrative record of which the non-examining source was unaware when he issued his opinion. *Id.* at 409 ("And because much of the over 300 pages of medical evidence reflects ongoing treatment and notes by Blakley's treating sources, we require some indication that the ALJ at least considered these facts before giving greater weight to [a non-examining than an examining source] opinion that is not based on a review of a complete case record").

In this case, there is no treating source medical opinion bearing on the question of what Plaintiff can still do despite her impairments. The ALJ did not err in preferring the non-examining source opinions of Drs. Dawson and Swan to the one-time examining source opinion of Dr. Van Meter. The non-examining sources were privy to the same evidence that was before the examining source,

including the examining source opinion itself. The ALJ identified legitimate bases for discounting Dr. Van Meter's disabling findings (AR, p. 26):

> Among other things, Dr. Van Meter opined that the claimant cannot sit or stand for more than 20 minutes and that she can lift and carry objects less than five pounds. However, this degree of limitation is not reasonably supported by the objective physical findings. Indeed, Dr. Van Meter's own examination findings show that the claimant has no significant deficits in strength and no overly remarkable range of motion issues. Therefore, Dr. Van Meter's opinion is accorded little weight.

The ALJ was not required to accept limitations from an examining source that were unsupported by objective physical findings and appear to have been based upon what the examinee told the examiner regarding what she can do within her "comfort" zone.

## Second Argument

Plaintiff argues that the ALJ preference for the non-examining source opinion was "based upon the ALJ's preference for one radiographic report (AR, p. 317) over another (AR, p. 346)" (DN 12, p. 2). However, there is no indication that the ALJ "preferred" one over the other. On the contrary, the ALJ found that both support a conclusion that Plaintiff can perform some light work (AR, p. 25):

> The undersigned finds that the range of light work indicated by the state agency medical consultants is consistent with and supported by the recent radiologic evidence at [AR, p. 346], which reveals only mild to moderate narrowing. It is also consistent with the other radiologic evidence and objective physical findings previously discussed [including AR, p. 317].

Both radiographic reports are "recent" in the sense that they post-date the opinions of the examining and non-examining sources.[1] Consequently, this is not a situation in which the examining source opined one set of restrictions based on one report, and the non-examining source opined another set of restrictions based on another report, and the ALJ chose between competing reports and their associated limitations based on his medical "expertise."

---

[1] The record reflects the following chronology: December 2010 (Dr. Van meter's opinion), January 2011 (Dr. Dawson's opinion), April 2011 (report at AR, p. 317), May 2011 (Dr. Swan's opinion), February 2012 (report at AR, p. 346). While the report at AR, p. 317 pre-dates Dr. Swan's opinion, Dr. Swan apparently was unaware of it as he affirmed Dr. Dawson's prior opinion without noting the presence of any subsequent evidence that might have changed Dr. Dawson's opinion.

4

The ALJ had a substantial basis for finding that the radiographic reports at AR, pp. 317 and 346 are compatible with performance of light work. AR, p. 317 consists of a report based on an MRI of the lumbar spine. While it shows some "advanced" degenerative disk disease at the L4/L5 level, so does a lumbar spine MRI report from July, 2009, prior to Plaintiff's alleged onset of disability in June, 2010, when she was performing light work (AR, pp. 19, 132, and 162). The thoraculumbar spine MRI report at AR, p. 346 shows only "mild to moderate" narrowing at the T8-T9 and T10-T11 levels. It is not apparent that mild to moderate narrowing would preclude light work.

### Third Argument

Finally, Plaintiff argues that the ALJ erred in declining to accept as fully credible her testimony of disabling pain and other subjective symptoms. Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir.2001). The ALJ and not a reviewing court is to make credibility findings regarding a claimant's subjective complaints. *Murphy v. Secretary*, 801 F.2d 182, 184 (6th Cir.1986). Plaintiff has failed to show that the ALJ acted outside her province or abused her discretion in determining that, notwithstanding Plaintiff's severe and painful condition, she retains the capacity to perform a limited range of light jobs in the national economy.

### Order

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED, and the Plaintiff's complaint is DISMISSED.